All right, our second case is United States v. Diaz, and as best as I can tell, no relation between the two. I'm going to pass it over to Ms. Hester. Question before the court, as part of the district court report this year, would it allow the government to feel that it's safe to present missing evidence of a superiority? Ultimately, answering that question requires the court to decide whether it is reasonable for prosecutors to show up for trial without a warrant. Under these circumstances, any explanation the government might offer of failing to present evidence of superiority in its case would not be appropriate. Mr. Hester, can I ask you, so is it your position that, because it seems to me in my experience that it's almost always going to be the case that when a prosecutor fails to present evidence of an element of the offense, it's because they simply forgot, whether because of negligence or inattentiveness or whatever the case may be. So is it your position that any time that that happens, it's a per se rule that the district court has no discretion to allow a reopening? No, and there's actually a couple of cases that this court has previously decided, I In one case, he came prepared with old chief stipulations, but he forgot about those. But he came to court prepared to present that evidence. It was just that, you know, under the rush of trial and all the confusion that happens at trial, he simply forgot to admit those into evidence. And there's another case where the prosecutor showed up and had a witness on his witness list and simply forgot to present that witness's testimony and that left out an element of the offense. But this case is different because the prosecutor showed up to court and it was going to be a bench trial. So Judge Bell asked the parties, have you, have you agreed to what, do we agree on what the elements of the offense are? And the prosecutor stated the elements of the offense and left out the materiality element. So he had alleged that in the indictment. So clearly he had not looked at the indictment at that point. And he also hadn't researched what the elements of the offense were. But despite that, you know, defense counsel stepped up and said, no, your honor, there's an additional element. There's an element of materiality. And the prosecutor didn't dispute that. But yet minutes later, when he presented his one witness in this case, he didn't present any evidence of materiality. And then that caused the judge to say at the end of this, what was supposed to be an uncontested bench trial to say to defense counsel, well, do you have a motion? And what about that? I mean, as I understand it, the whole reason why this bench trial went the way it did was because your client was primarily interested in preserving the statute of limitations defense on appeal. Does it matter that this wasn't really intended to be an adversarial process in the conventional sense of the word? I don't think it does, because although our client gave up some issues, you know, he entered into a lot of stipulations about the miscibility of evidence, but he didn't stipulate to any elements of the offense. The burden was still on the government. He didn't waive his right to have the government prove each element of the offense beyond a reasonable doubt. And so when the government failed to do that, and he, you know, the court asked, do you want to make a motion? And he said, well, I didn't want to, but now there's a missing element, you know, there's a missing element in this case. You know, I think under these circumstances, that the fact that this was meant to be an uncontested bench trial doesn't really matter because the defense had not waived his right to prove beyond a reasonable doubt on each of these elements. Can I go back to your answer to Chief Judge Diaz about how our case in a gray, and I think Carter, maybe it's Floyd, don't, I mean, I think those cases have held that it's no abuse of discretion to allow, to reopen the evidence, even after a Rule 29 motion. It sounds like the reason you say this case is different is because this prosecutor was, it wasn't just, he forgot to do it in the heat of the moment, but was not adequately prepared. Well, actually, so the reason this is an abuse of discretion, and this also distinguishes this case from the others that the government has cited, is because the court did not consider the elements that this court has outlined in Nunez and Abbas and Peay about what factors the court's discretion is to be guided by when it decides whether to reopen the evidence. Let me, I appreciate that. One of your arguments is they didn't outline those factors and explain why they all apply. It seems like if they had, that would be pretty easy to satisfy. You may not agree with that, but assume I think that the three factors all would cut in favor of allowing the reopening. Is, aside from not addressing those factors, I want to go back to why we're different than Gray and Floyd. I mean, what's different about this case where there appears to be inadvertence in addressing materiality and the inadvertence in those other cases? Well, I don't think it's clear that there was inadvertence in failing to address materiality because it may have been an intentional decision by the prosecutor based on his misunderstanding of what the elements are. I think you have to back it up a little bit and back up to what was said before he put on his witness. And what was said was, these are the elements of the offense, and he left out materiality, and which means that he wasn't looking at his indictment before he tried his case, and which means that he didn't determine before he arrived in court what the elements of the trial were. And that's a very basic... So, it does sound like you're saying because this counsel may have been particularly uninformed, that would be a situation where you cannot reopen? Yes, and I think... What says that? Well, I think you can look at Nunez because that also happened in Nunez. So, what happened in Nunez is that the court had, before trial, the court had ruled that certain evidence of a co-defendant's statements was inadmissible. But during trial, the co-defendant testified, and that opened the door to the government of a way to get in that co-conspirator's statement, but the government didn't take advantage of that. So, the evidence was closed, and then later, when the jury had questions, it was reopened, and that was brought in. But this court said that that wasn't a reasonable explanation for failing to offer the evidence in the first place. The fact that the court had excluded it on the front end when circumstances changed during the trial, that wasn't a reasonable explanation for failing to admit it during the trial itself. That case involves a jury trial and evidence brought in even after the jury begins deliberation, correct? Correct. So, it is different in that way, but that is an example of this court saying that's not a reasonable excuse. That's a mistake that's not a reasonable excuse. So, I'm, you know, my position is, well, first of all, the court abuses- I'm sorry to interrupt, but assume that we, assume we agree, we agree with that. It may not be a reasonable mistake. But there are three factors here, right? It's not just the explanation or lack thereof. The other two factors are the issue of prejudice and the like. So, is it an either or? I mean, you have to satisfy all three, or is it a balancing of the three factors in your mind? This court has never described it as a balancing test. And in fact, in Abbess, the court said that the movement had to present, had to prevail on each one of those elements in order to reopen the evidence. So, I would submit to the court that it's not a balancing test and actually each one of those has to be satisfied. And that can't happen in this case because of the unreasonableness of the mistake. Is that the only element you say is not satisfied? Well, there's also the third element, which has like three different parts about the prejudice of the evidence. And that's also a consideration here because there was no evidence of materiality in the case in chief. So, adding that evidence obviously was prejudicial. That's always going to be the case. That's always going to be the case. But that's a separate inquiry under that third step, you know, in addition to the inquiry of whether the opposing party had an opportunity to respond to the evidence. And we don't dispute that we had an opportunity and we didn't do it in this case. Ms. Chester, would you agree that the remedy for the alleged violation is a new trial, not reversal? So, I don't agree with that in this case. And one of the reasons is because- To the contrary. So, I think this case is peculiar because it's a bench trial. So, do you have a case that supports your position? Well, the case that would support my position would be the cases that say, if there's a missing element of an offense, then the proper remedy is entry of judgment of acquittal. And we have to go through several steps to get to that. But one of the- So, it's really the- So, first you look at the fact that there's an abuse of discretion by failing to consider the elements. And then you ask whether if the court had considered the elements, could it have reopened the evidence? And our position is no, because this wasn't a reasonable explanation. And so, at that point, because there's no reasonable explanation and there's no evidence of materiality in the record at that point, that makes remand for entry of judgment of acquittal a proper remedy for this particular error in this particular case. But even if the court did send it back, the court, I think, has more options here because it wasn't a jury trial, because it was a bench trial and the judge has the record in front of it and he knows what he heard before. So, you know, another option would be to send it back and allow the judge to consider the factors in the first instance. But our position is that the correct remedy is to send it back for entry of judgment of acquittal. But we have the case United States versus PEAY, I'm not sure how to pronounce it, which says the remedy is a new trial. And there's no case to the contrary that I can find. Is there a case to the contrary? Well, and again, it would be, it would be the cases that say if there's lacking evidence of an element. I mean, PEAY says that, but it's a totally different, that's a totally different. It sounds like you want us to be the first case. Yeah, I would like to be, that is correct, Judge Traxler. I would like for you to be the first case. Thank you. If there's no further questions, I'll reserve the rest of my time. Can I ask a procedural question with respect to the statute of limitations defense? Yes. Underlying all of this was, as I understand it, your client wanting to get a credit for acceptance of responsibility and sentencing. And so, which is why there was not really a real contest with respect to the elements of the offense. But is it the case that the, is, what is it about this defense that would not have allowed the defendant to plead guilty and preserve the issue like you would, like, for example, a suppression motion? Honestly, I'm not, I'm not sure of the answer to that question. And, you know, ultimately, on appeal, we determined that that wasn't a good issue for appeal, so we didn't bring it. And I wasn't involved on the front end, so I'm not sure what considerations went into deciding that they needed to either get a conditional plea or have an unopposed trial. You're not aware of anything that would have barred the defendant from pleading guilty conditionally and still preserving the statute of limitations defense? No, not conditionally, but the government wouldn't, wouldn't, wouldn't agree to that. I mean, I don't know why. I mean, instead of a full-blown trial, I wouldn't. It just, it happens a lot in our district that we do these, these uncontested bench trials have become quite common in our district to preserve issues for appeal. And that's why the judges give acceptance of responsibility. They've come to that position where they often give acceptance of responsibility for an uncontested bench trial. Do you agree that the outcome of whether the district court abused its discretion in reopening determines the outcome of the motion for acquittal? Yes. Those are one and the same. Yes, yes. Correct. Thank you, Ms. Sester. Thanks. Mr. Enright? Thank you, Your Honor. May it please the court. Anthony Enright for the United States. I'm constrained to begin by responding to some of the accusations my friend has made against the prosecutor, which really have no basis in the record. We know that the prosecutor read the indictment because the record tells us on page nine that he signed the indictment and submitted it to the grand jury. And absolutely nothing in the record or elsewhere suggests that he didn't do the research or didn't know that. And we know that he was prepared with evidence to prove materiality because seconds after he rested, he reopened it with the same witness. And that witness provided evidence that my friend concedes was sufficient to establish materiality. There's absolutely nothing in the record to suggest that this prosecutor was unprepared at all, let alone particularly unprepared. And I note that my friend did not accuse the prosecutor of doing that when he was present in court or raise that issue before the trial court when we would have had an opportunity to respond to it or the court would have had any opportunity to make fun. So but even if he or she had been unprepared, would that have been a basis for not allowing reopening? No, Your Honor. This time and again, Gray, Floyd, Brown, Clement has held that inadvertence is an acceptable reason. Obviously, we don't try to be inadvertent. But I think she's saying, I think your colleague is saying there's a difference in inadvertence when you're ready and able to do it and inadvertence for just not knowing that until it's brought to your attention. I get your point that the record you contend suggests that that's not the case. I'm not but but assuming hypothetically it was, yeah, would that make a difference? I don't think it would, Your Honor. There's no authority whatsoever for even really being. Oh, I'm sorry, Your Honor. Like I am really unprepared for this technology. There's no authority for the idea that being really unprepared is a problem. I think that consideration focuses on gamesmanship. We don't want to have prosecutors saying, oh, I'll sneak this in so that the jury gets a real good focus on it or I'll do it after the defense rests so they won't have an opportunity to respond. And if we're engaged in gamesmanship, certainly the court can take that into account when exercising discretion. But inadvertence is something you balance against. What was the defense prejudice? That's what this court has held time and again. Target Graham over and over again, the defense prejudice. And if the answer is no, which it never has found when the defense had the opportunity to cross examine the evidence or present its own case, then there's no abuse of discretion. What's your view, counsel, on whether the three factors are factors that we balance or essential requirements? I think there are factors that guide the district court's discretion and guide this court's review of that discretion. I think it's I suspect they tend to always go the same way. One of them, for example, is the evidence relevant. If the evidence isn't relevant, it's both probably not a reason to reopen, but it's also probably harmless. But, you know, but that's probably a scenic. Why not? The evidence is supposed to be relevant for you to want to reopen. Same thing if there's no prejudice. If there's prejudice, even if the other things go against you, we have some cases like that. There's probably not enough. But if you do have a situation where maybe the prosecutor was, you know, not doing the right job, you balance that against whether there's prejudice. I said, I think you were here for the first argument where one of the issues was the question whether the ALJ needed to show her work with respect to this age, borderline age issue. We don't really have any indication from the district court here that they review those factors that we're talking about now. So how do we know that the district court properly exercises discretion? Two reasons, Your Honor. Two. I put up three fingers, but I have two reasons. That's why we went to law school. We don't do higher level math. Exactly, Your Honor. The first is there's a background presumption from Walden versus Arizona in the Supreme Court, United States versus Ali in this court, United States versus Spiros in this court that the district court knows and follows the law, even if it doesn't say so explicitly in the transcript. There are unusual circumstances where there's a qualification to that. For example, when there's a statutory requirement to explain your sentence, the court has to do a little bit more. But the ordinary rule, especially during a trial, if there's an objection, the court doesn't have to recite the hearsay rule to tell this court, well, I know what I'm doing with hearsay rule. It can just say sustained, or it can go through the hearsay rule. That's the court's discretion. The second reason is that I think it's obvious in this case. We reopened the evidence immediately, and it was directly in response to the defense saying, hey, I think the agent actually needs to say this is material. And we're like, OK, that would make it a better case. And I'm not conceding that there wasn't sufficient evidence of materiality before, but we thought, hey, that would make this case stronger and solve this problem. It was relevant. He concedes it's relevant on appeal. He conceded it was relevant below because he pointed out that it was incumbent on us to introduce it. And so I just want you to finish that. But I'm trying to make sure I understand your point. It's obvious. Are you saying it's obvious that the three factors cut in favor of reopening? Yes. OK, so your point is that the record would support the three factors even if they weren't addressed specifically by the court? Yes, Your Honor. And I suppose I do have a third answer to that question, which is this court's precedent supports that. We have about 50 years of precedent on this subject, and there is not one case that requires findings. There are some cases where there were findings, but really only on the one on the prosecutor's reason. Gray, for example, they said, well, it's plain from the record. That's relevant. And it's plain from the record that there was no prejudice. But we have the most recent case, United States versus Hargett. There was nothing in the district. No findings by the district court whatsoever. We simply represented on appeal. It was inadvertent, as I have done in this case. And this court said, yeah, record makes it clear enough. So there's no requirement of finding in this context. Can I get you to back up a little bit? Because I thought I remembered the opening of your brief is that the standard of review is not, in fact, abuse of discretion, but that the defendant in this case waived this issue before the district court. So help me to understand that, because it seems like the district court engaged with the issue and so made a ruling. So how is it fair to say that the issue is waived? First, the defense, on that point alone, the defense didn't object to the reopening. So the court did make a finding, but the defense didn't raise it. But then the defense specifically represented afterwards that his exclusive purpose was to preserve the statute of limitations issue. So he did not contest the outcome or did not contest the trial and did not contest the evidence. So is that it? Are you saying the waiver occurs during the sentencing process as opposed to at the trial? I think it occurred at the trial, but he was telling us at sentencing that that was deliberate. That was my goal. I never tried to put the government to its burden of proof, and therefore we know it was an intentional relinquishment of that right. How could it be waived at trial when he admittedly doesn't use Rule 29 or doesn't, you know, ask for acquittal, but he points out the missing element? And then the district court says, we're going to allow the testimony to come in. This is a bench trial while I decide what to do. And then at the conclusion of it, the bench trial says, or the district court says something to the effect of, you know, I'm going to allow it if I've abused my discretion. You know, that can be corrected along with the statute of limitations. It's kind of hard for me to see how that would constitute a waiver in the trial sense. It seems like you have to focus on the sentencing. And does the, you know, once, you know, the question of acceptance responsibility became an issue, he said, hey, we got nothing contested. It seems like it's there rather than trial if there's a waiver. I think that's a fair point, Your Honor. I think there's two ways to see it. And the Second Circuit's decision in Eurochina looked at it the way you do, which is the defendant said at sentencing, look, I accept responsibility for these. And I didn't, in this case, I didn't contest the trial. I didn't contest the evidence. And it could be a waiver. You can look at it either way. If the waiver occurred at that point, it would still suffice to preclude appellate review. Because what he did, it's clear that at least by that point, he knew of the issue because of that exchange and for no other reason. He does say, just to argue maybe a little bit the other way, he does mention at sentencing there's some issues for appeal, including the government's evidence at trial. Why does that offset? Because it was after the district court made the finding explicitly that I'm adopting the pre-sentence report holding that the trial was uncontested. And it was, you're going to get acceptance of responsibility. And that's exactly what a waiver does. It precludes you from resurrecting the issue later under Wood v. Milliard. You can't say in front of a district court, Your Honor, I'm not raising that issue. The trial's uncontested. And then asking this court, oh, that you should have resolved the contest that was the trial the other way. The same thing is true in the district court. You can't say, oh, I'm waiving it, got acceptance responsibility. Maybe there's an appellate issue. The appellate issue is extinguished, certainly when he represented it before the district court, but certainly by the point where the district court accepts that and found as a matter of fact that the trial was uncontested and that he accepted responsibility. I think that extinguishes the element. But under any standard of review, the question of whether to reopen is firmly within the district court's discretion. That is one thing that I think I've found about a dozen cases here. Every single one of them in this court, it is within the district court's discretion. To take that away, particularly under these circumstances, would be a major shift in the balance of power. The district court would take something that's firmly within the district court's wheelhouse, how to conduct the order of proof at trial and say there's a major limitation on your discretion, especially here where it's really on all fours with a case from about 40, 50 years ago, Carter, an uncontested bench trial. The United States failed to introduce an element of interstate commerce. Oh, can we reopen? We did it. It's really difficult to imagine a scenario where that's going to be an abusive discretion at a bench trial where he still has the opportunity to have a defense, still has the opportunity to cross examine. Would it have been understanding that it likely would not have seen the day of an appellate hearing, would it have been an abusive discretion if the judge had gone the other way? Probably not, Your Honor, because the discretion this court offers is very broad. I haven't seen a case like that. I haven't seen a case where there's really not, you know, it's just a minute after we've closed and things open and the court has done that. But wouldn't it potentially be one if you apply those three factors and they all cut in favor of opening? Potentially, Your Honor, but those three factors have usually been used to determine whether the district court has abused its discretion. That's my point. I mean, in response to Chief Judge Steeves' question, let's assume the district court denied the motion and all three factors cut in favor of reopening. Would that be an abusive discretion? It certainly could be, and I'd like to think that it would, but I can imagine having a hard time saying, hey, we inadvertently did this and the court wouldn't give us a second chance and saying, hey, the court really abused its discretion because it didn't give us that opportunity. I have to acknowledge that would be a big ask for us. So, certainly, it's, I think, far afield from what we have here, but the discretion is strong. I want to address the point about the remedy. This court has— Before you switch. Absolutely. This defendant was serving a 35-year sentence for abusing a minor in California. I believe he still is, Your Honor. For this conviction, he got eight months concurrent. He did. And I presume that's already served. I don't know how it works, Your Honor. I don't know if the service of the—I don't know if the concurrent part comes at the end or the beginning of the California sentence. And I think that California sentence is still going. So, I'm afraid I don't know the answer, but it might be true. Regardless, by the time he finishes and is released from California, he will have been given all the credit. He won't have to serve an extra day. Correct. Because of this federal conviction. That's correct. Okay. But he also has a $100 special assessment. Do you happen to know if he's paid that so that he's, in effect, complied with his sentence? I don't know— Without having served an extra day in California. I don't know if he's paid that. I don't know. We're not—we wouldn't argue, to me, if it would make it easier for you. We're not arguing that it would be a harmless error to sustain the conviction, even if the conviction were somehow wrongful. But I don't know the answer to that question, Your Honor. So, you're objecting to a decision in your favor based on a harmless error? Well, I would be. In part, I am, but the error would be that if the court were required to articulate findings on these three factors, those findings would reach the same result. What's the answer to my question? Yes or no? We are raising a harmless error defense. I don't know if it's the one Your Honor is getting at. I'm not saying that it would be harmless if he were wrongfully convicted. I am saying that he would have been convicted if the error my friend asserts had occurred. That's—sorry to be unfair. That's all right. I do want to talk about the remedy, which is—this court did say in PA is a new trial. And this court held in United States v. Graham, which is an unpublished decision, but it addressed very squarely, I think, the question Your Honors were getting to, which is, well, what if there's Rule 29 motion because there's insufficient evidence? And in that case, because it was a trial for a magistrate, the district court reviewed it on appeal, the district court gave him a new trial anyway. And what this court said was, and the defense argued on appeal, well, the remedy was supposed to be a judgment of acquittal. This court held no. The remedy would have been a new trial. But you got a new trial anyway. There's no further relief this court can offer. So this court addressed that real specifically. Even if you're talking about a reopening of evidence in response to Rule 29 motion, the remedy is a new trial. They're two separate things. There's no—Jeopardy hasn't detached before there's been a verdict or a judgment. So there's no reason to force judgment of acquittal. And it would be within the district court's discretion. And if the error is truly to—or the district court—if the error is that the district court didn't make findings it was required to do, I don't even know if the court needs to go that far. Ordinarily, if the error is for the district court—is the district court's failure to make required findings or recite them on the record, you send it back for the district court to make findings and then determine what the outcome of those findings would be in the first instance. Mr. Enright, you took issue with Ms. Fester's characterization of what the prosecutor did or didn't do in this case. But so can you give me an example of what would be an unreasonable explanation that might suffice to satisfy that first element? I think an unreasonable explanation would be that we were waiting until the defense arrested to raise this issue so that they wouldn't have a response. Or an unreasonable circumstance would be, hey, we were waiting until this witness the defense was going to use was excused so that we could gain an advantage here. Something that would show that we were trying to gain the system by using the reopening and abusing the court's discretion in doing that rather than simply an order of proof where we can open that. I think this is the kind of thing, a reopening under circumstances where the defense hasn't done anything yet, hasn't presented their case, hasn't rested, hasn't been submitted to the jury. I think it's much more akin to a request for an extension of time or a request for a recess or a request to have one witness testify in front of another. It might be not according to the plan, but something that places it firmly within the court's discretion to use it to gain an advantage over your adversary or otherwise make the proceedings unfair. I don't think even if the prosecutor had dropped the ball, and I firmly assert that he did not, even if the prosecutor had dropped the ball, if it doesn't make the proceedings in any way unfair to the defendant, there's no reason to take this issue away from the discretion of the district court. Thank you, Mr. Enright. This court has no further questions. I request that this court affirm or dismiss this appeal on waivement. Thank you, Your Honor. Thank you. Ms. Hesley? I'll start with talking about the remedy because Mr. Enright mentioned the Graham case, but that case is different because the mistake in that case was not that there was a missing element. So there was no reason why an acquittal would be an appropriate remedy in that case like it is here. Judge Traxler, you had some questions that I think were heading toward a potential mootness issue as to whether— Never assume where my questions are heading. Okay. I mean, I can answer your questions. He's already served the eight-month sentence because it was not consecutive, but what remains is the consequence of this conviction is that he was automatically denaturalized, and that's a huge consequence of having a conviction under this— That couldn't be based on the California conviction alone. Well, the government has other ways of denaturalizing someone. You know, they can bring a civil action, and, you know, if this court ruled in his favor and ordered entry of a judgment of acquittal, the government can go to the district court where he is and ask the district court to denaturalize him there. So, you know, they will be able to accomplish that goal. Does this conviction make denaturalization automatic? Yes. Yes, it does. The government asserts that we are trying to take away the district court's discretion, and that's really—that is not true. What we're asking the court is to require the district court to consider the three factors on the record, and Nunez and Peay say that the district court is required to do so, and I guess my question is, how would this court know whether those factors were considered if the district court is not required to say anything about it, for one thing? But additionally, in this case, we know that the district court didn't consider those factors because the government never offered an explanation for its failure to present that evidence of materiality, and the district court didn't ask for one. Counsel, can—do you agree that acceptance of responsibility benefits that citizen are not obtainable if you put the government to the—to proving its burden under the guidelines in our case law? So, I think, first of all, the district court has a huge amount of discretion in deciding whether that acceptance of responsibility credit applies or not, but also there is a difference between putting the government to its burden of— Well, let's go with the first part. Okay. Yeah, and maybe the answer is it depends, but I'm trying to see if the answer is a yes or no, but if it's it depends, that's fine, too, just so you point to me where, but if the—if you—if a defendant puts the government to its burden of proof, does that eliminate acceptance of responsibility under the guidelines in our Dickerson case? No, if he's not—if he's doing it for—in order to preserve other issues for appeal, what hasn't happened in this case, and this happens all the time in our district, but, you know, uncontested bench trial, the government just very quickly puts up the evidence of each element of the offense, and that happens all the time in our district. But—but let me ask this. Are you—are you, by, you know, pressing the point here, putting the government to its burden of proof, you agree you're doing that by advancing this position? Um, I don't—I don't think so in the context of this case because we're just challenging the district court's discretionary decision to reopen the evidence or not. It didn't—I mean, you—you got a motion for acquittal. How can you not be challenging—putting the government to its burden of proof? I mean, I get your point that you may not think that's outcome-determinative, but— Well, I—let me put it this way. I think if Judge Bell had denied acceptance because of that, that would not have been an appealable issue. But he was there, he knew what happened, and he decided to go ahead and give acceptance of responsibility in this case. And as—as far as— Partly because you—perhaps, I don't know if it's you or—because, you know, Diaz disclaimed that it was challenging, you know, that there was any—this was a, you know, adversarial proceeding. Well, and that leads—that is exactly the next point I was going to make, which was that in order for it to be a waiver, it has to be clear and unequivocal. And the statements that were made in that PSR response could have applied equally to the fact that he stood silent while the government had his witness on the stand. So I think as long as—as it is not completely clear and unequivocal, it can't be a waiver. And also, if you look at the—the context of this, I mean, the acceptance of responsibility was backward-looking. So—so he couldn't have undone anything that he had done at trial by making these statements in the response to the PSR. He was just trying to point out to the judge what actually happened, and that's—what happened is on the record. If there are no further questions. Thank you, Ms. Sessions. Thank you. I want to thank both lawyers for their able arguments here this morning, and we'll come down and greet you both and move on—move on to our third and final case.
judges: Albert Diaz, A. Marvin Quattlebaum Jr., William B. Traxler Jr.